# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

WAYNE T. DUFFINEY,

    *Petitioner,*              CASE NO: 07-20501

v.                                 DISTRICT JUDGE THOMAS L. LUDINGTON
                                  MAGISTRATE JUDGE CHARLES E. BINDER

UNITED STATES OF AMERICA,

    *Respondent.*
_____/

## ORDER ON PLAINTIFF'S MOTION FOR RELEASE
## PENDING ADJUDICATION OF 28 U.S.C. § 2255 MOTION
(Doc. 98)

> This order is entered under the authority given to this magistrate judge by an order of reference issued by U.S. District Judge Thomas L. Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

The test for granting bond during the pendency of a federal habeas motion brought under 28 U.S.C. § 2255 was first set forth in *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964), and was articulated by the Sixth Circuit in *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990):

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice."

*Dotson*, 900 F.2d at 79 (quoting *Aronson*, 85 S. Ct. at 5). The court cautioned that "[t]here will be few occasions where a prisoner will meet this standard." *Id*.

In this case, Duffiney asserts that his "substantial claim of law, " as required by *Dotson*, is that his trial counsel was ineffective for failing to argue at sentencing that he was entitled to a downward departure due to his "debilitating Parkinson's disease." (Doc. 98 at 2.) Duffiney further contends that the circumstance that makes his case exceptional is that, "If released on bond even

for a short time, Duffiney will have access to medical professionals who will be able to establish a plan of care without the restrictions of the Bureau of Prisons." (*Id.*)

The Court is not persuaded that Duffiney's illness entitles him to the exceptional relief he seeks. The Bureau of Prisons has the duty to provide medical care to its prisoners, and if Duffiney's medical needs are being met with deliberate indifference, he has every right to avail himself of the administrative grievance procedure and ultimately to file a civil action against the medical providers. Further, in light of the fact that Duffiney absconded to Costa Rica rather than appearing for his sentencing in this matter, the Court finds that if it were to grant bond the risk of flight would be extreme and thus concludes that Duffiney is not "deserving of special treatment in the interests of justice." *Dotson*, 900 F.2d at 79.

Accordingly, **IT IS ORDERED** that Plaintiff's motion is **DENIED**.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

s/ *Charles E. Binder*
CHARLES E. BINDER
Dated: November 14, 2011   United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Janet Parker, and served by first class mail on Wayne T. Duffiney, #41860-039, FCI Elkton, P.O. Box 10, Lisbon, OH, 44432..

Date: November 14, 2011    By    s/*Jean L. Broucek*
Case Manager to Magistrate Judge Binder

2